UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BILLY WILSON                              CIVIL ACTION

VERSUS                                    NO. 10-4437

CHURCHILL DOWNS LOUISIANA                 JUDGE LEMELLE
HORSERACING COMPANY, LLC and
GREAT DIVIDE INSURANCE COMPANY            MAGISTRATE JUDGE KNOWLES

                         **ORDER AND REASONS**

   For the following reasons, Defendants' Motion for Partial Summary Judgment (Rec. Doc. No. 84) is **GRANTED**.

   On or about April 9, 2010, Plaintiff Billy Wilson was hit in the neck and back, and knocked to the ground, by a promotional "Happy Birthday Spinning Wheel" while standing in the Player's Club line at the Fair Grounds Off-Track Betting and Casino. Wilson filed suit in state court alleging that he sustained physical injuries and damages including past, present, and future medical expenses; past, present, and future lost wages; pain and suffering; and emotional stress and strain. (Complaint, Rec. Doc. No. 1-1). Defendants Churchill Downs Louisiana Horseracing Company, LLC and Great Divide Insurance Company (collectively, "Churchill Downs") removed the action to this court under diversity jurisdiction. (Petition for Removal, Rec. Doc. No. 1).

   Wilson testified in a deposition that he was unemployed at the time of his injury, that he had been receiving unemployment compensation for approximately a year before the injury, that he

                                  1

applied for disability due to post traumatic stress disorder ("PTSD") prior to the injury, that he began receiving disability benefits for PTSD approximately three months after the injury, and that he has not worked since the injury. (Wilson Deposition, Rec. Doc. No. 84-2). Moreover, Wilson admitted in interrogatories and in his deposition that he had no claim for lost wages. (Wilson Deposition, Rec. Doc. No. 84-2; Response to Interrogatories, Rec. Doc. No. 84-3 ("There is presently no evidence that plaintiff sustained any lost wages as a result of this accident.")). Wilson attempted to "reserve the right to make a claim based on a loss of earning capacity if and when such is indicated" (Rec. Doc. No. 84-3), but he has made no such claim and the deadline for amending his complaint has passed. (Complaint, Rec. Doc. No. 1-1; Amended Complaint, Rec. Doc. No. 6).

    Defendant Churchill Downs contends that Wilson has not, and cannot, come forward with evidence to support a claim for lost wages or for loss of earning capacity, and that the lost wages claim should be dismissed and a loss of earning capacity claim should be precluded.

    Plaintiff Wilson contends that he need come forward with no evidence other than his sworn deposition testimony, and that his deposition testimony supports claims for lost wages and loss of earning capacity.

    Summary judgment is proper if the pleadings, depositions,

interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990). When the non-moving party bears the burden of proof as to an issue, the movant may merely point to an absence of evidence supporting it, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex Corp. V. Catrett*, 477 U.S. 317 (1986)).

A non-moving party cannot rest on conclusory allegations or unsubstantiated assertions to defeat a motion for summary judgment. Factual controversies are to be resolved in favor of the non-moving party only when there is an actual controversy, i.e., when both parties have submitted evidence of contradictory facts. In the absence of any such proof, the court should not assume that the non-moving party could or would prove the necessary facts. *Little v. Liquid Air Corp.* 37 F.3d 1069, 1075 (5th Cir. 1994).

Here, there is no issue of material fact: there is no actual controversy regarding whether Wilson can prove that he lost wages or earning capacity as a result of his injury. He cannot. Wilson has come forward with no evidence, aside from his own self-serving and contradictory deposition testimony, to establish that he lost wages or earning capacity as a result of his injury.

Wilson admits that he was unemployed and collecting unemployment at the time of the injury. He has not submitted tax returns, pay stubs, bank account statements, or any other proof of earnings prior to his injury. He asserted in his deposition that he performed odd jobs for family and friends, but provided no other evidence of those jobs or wages earned from those jobs. Wilson therefore cannot prove that his injury caused him any lost wages, nor has he shown a material factual dispute on this issue.

Similarly, for a loss of earning capacity claim (which has not been pled), Wilson admits that he suffered from PTSD before his

injury, and that that condition rendered him unable to work. The fact that his application for disability was not approved until after the accident does not negate the fact that he was disabled before the accident. He therefore had no earning capacity at the time he was injured.

Because Plaintiff cannot carry his burden of proof on these claims, Plaintiff's claims for lost wages and for loss of earning capacity are **DISMISSED**.

New Orleans, Louisiana, this 30th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE